**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARVIN CACERES SANCHEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-907-KC** |
| | § | |
| **CURTIS TAYLOR et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Marvin Caceres Sanchez's Petition for a Writ of Habeas Corpus, ECF No. 1.  At the time of filing, Caceres Sanchez was detained at Camp East Montana in El Paso, Texas.  Pet. ¶ 7.  He argues that his detention is unlawful and asks the Court to order his immediate release.  *Id.* ¶¶ 36–58; *id.* at 17.

Caceres Sanchez is a citizen of Honduras who was previously removed from the United States in 2018.  *Id.* ¶ 18.  After returning to the United States, Caceres Sanchez's removal order was reinstated on October 25, 2022.  *Id.* ¶ 19.  He has been detained since this date.  *Id.* ¶ 27.  Upon the reinstatement of his removal order and detention, Caceres Sanchez expressed a credible fear and was subsequently placed in withholding-only proceedings.  *See id.* ¶ 19.  After an appeal to the Board of Immigration Appeals and the Sixth Circuit, Caceres Sanchez was granted withholding of removal to Honduras on December 10, 2025.  *See id.* ¶¶ 20–25.  The Court found that "[i]f these allegations are true, Caceres Sanchez likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  Apr. 2, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Caceres Sanchez's

removal is likely in the reasonably foreseeable future or deporting him." *Id.* Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Caceres Sanchez's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, and (4) the anticipated timeline for his removal. *See id.* at 4.

On April 9, 2026, Respondents filed a Response, ECF No. 3, and, in support, the Declaration of Acting Assistant Field Office Director Ernie Marin ("Marin Decl."), ECF No. 3-1. According to Marin, on March 23, Caceres Sanchez was transferred to San Diego, California for removal to Mexico, but on March 27, he refused to comply and claimed a fear of being removed to Mexico. Marin Decl. ¶¶ 6–7. Caceres Sanchez has now been transferred back to Philadelphia, Pennsylvania. *Id.* ¶¶ 8–9. On April 7, Emergency Removal Operations ("ERO") forwarded Caceres Sanchez's third country fear claim for screening to United States Citizenship and Immigration Services, which remains pending. *Id.* ¶ 10. According to Marin, "ERO Philadelphia will continue to work with ICE Removal and International Operations to seek third country removal." *Id.* ¶ 11.

The Court thus ordered Respondents to file a status report by May 20, detailing (1) whether a third country other than Mexico had been identified, and if not, the expected timeline for identification, (2) if a third country was identified, whether a travel document request had been submitted, and if not, the expected timeline for submission, (3) if a travel document was submitted, the date of submission, the country's response or the expected timeline for a response, and (4) whether USCIS determined that Caceres Sanchez's fear of removal to Mexico is reasonable, and if not, whether Caceres Sanchez consented to removal to Mexico. Apr. 11, 2026, Order 2, ECF No. 4. The Court cautioned Respondents "that they must continue to take

2

concrete steps to remove Caceres Sanches" and that it would "not look favorably upon a failure to identify a third country for removal." *Id.* at 1–2.

Respondents have now filed a Second Response, ECF No. 6., to which they attach the Second Declaration of Marin, ECF No. 6-1.  According to Marin, ERO Philadelphia has not identified any third country other than Mexico for Caceres Sanchez's removal.  2d Marin Decl. ¶¶ 10–11.  And despite the clear instruction in the Court's April 11 Order, Marin does not state whether Caceres Sanchez has consented to be removed to Mexico.  *See generally id.*  It appears, based on his expression of a fear of removal to that country, that he has not consented.  *See id.* ¶ 12.  And the Court takes judicial notice on the basis of Respondents' representations in other habeas proceedings in this Court, that they cannot remove Caceres Sanchez to Mexico without his consent, which he has refused to give.  Marin states that "ERO Philadelphia will continue to work with ICE Removal and International Operations to seek third country removal."  *Id.* ¶ 14.

Respondents do not dispute that Caceres Sanchez has been detained since October 25, 2022, or that his removal order was reinstated on that date and became administratively final for detention purposes.  *See generally* Resp.; 2d Resp.; *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021).  Respondents provide no explanation for why they did not seek third country removal during the three plus years that Caceres Sanchez's withholding-only proceedings were pending.  *See generally* Resp.; Marin Decl.; 2d Resp.; 2d Marin Decl.  Nor why they waited until three months after Caceres Sanchez was granted withholding of removal to Honduras to attempt to remove him to Mexico.  *See generally* Resp.; Marin Decl. ¶ 7; 2d Resp.; 2d Marin Decl. ¶ 6. Nor have Respondents identified any other third country for Caceres Sanchez's removal in the almost two months since he refused to consent to removal to Mexico.  *See* 2d Marin Decl. ¶¶ 10-11.

In sum, Caceres Sanchez has been detained for three and a half years, he cannot be removed to Honduras, he cannot be removed to Mexico, and Respondents have not identified any other third country for removal, let alone taken any concrete steps to obtain travel documents from that country on Caceres Sanchez's behalf.  While they state that they "will continue to work" on "seek[ing] third country removal," they do not describe even one particular action that they have taken to do so.  *See generally* 2d. Marin Decl.  And they offer no timeline for identification of a third country, much less a timeline for Caceres Sanchez's removal.  *See id.*  Thus,  Respondents have failed to carry their burden of proving that Caceres Sanchez's removal is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that Respondents shall **RELEASE** Caceres Sanchez from custody, under reasonable conditions of supervision, **by no later than May 28, 2026**.

**IT IS FURTHER ORDERED** that, **on or before May 28, 2026**, Respondents shall **FILE** notice informing the Court whether Caceres Sanchez has been released from custody in compliance with this Order.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time, ECF No. 5, is **DENIED** as moot.

**Barring exceptional circumstances, there will be no extensions of the May 28, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

5

**SO ORDERED**.

**SIGNED this 21st day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5